**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bright LLC, | No. CV-17-00463-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Best Western International Incorporated, et al., | |
| Defendants. | |

Plaintiff/Counterdefendant Bright LLC ("Plaintiff") alleges Defendant/Counterclaimaint Best Western ("Best Western") terminated the parties' agreement and refused to allow Plaintiff to open its hotel as a Best Western after Plaintiff invested over a million dollars in renovations. (Doc. 1). The parties have now submitted a discovery dispute regarding whether Plaintiff can depose Chris Campbell ("Campbell"), Best Western's former Regional Director for North America who allegedly negotiated with non-party Dilip Patel to build a competing hotel near the site of Plaintiff's planned hotel. (Doc. 189). Since the dispute hinges on whether fact discovery is currently open or closed, a brief summary of this Court's scheduling orders and the parties' requests to stay specific aspects of discovery is called for.

Under the operative, December 14, 2017 scheduling order, expert witnesses were to be disclosed no later than January 31, 2018, rebuttal experts no later than March 5, 2018, fact discovery was to close on April 2, 2018, all supplementation of discovery was to be completed by April 19, 2018, and dispositive motions were to be filed by April 30,

2018. (Doc. 81). After this schedule was entered, several motions impacting these deadlines followed.

First, Plaintiff filed a motion to amend the complaint on December 13, 2017. (Doc. 79). That motion was fully briefed on January 16, 2018, but before the Court could resolve it, the parties filed an unopposed motion "to delay the completion of expert discovery pending the Court's ruling" on Plaintiff's motion to amend the complaint. (Doc. 93). In doing so, the parties asked to delay both the expert disclosure and rebuttal expert deadlines. (*Id.*). The motion explicitly and repeatedly referenced the expert disclosure deadlines, but did not request that any other deadlines be extended. The only mention of other deadlines was in the proposed order attached to the motion, which included blank lines for the expert witness deadlines, but also blank lines for the deadlines to complete fact discovery, to finally supplement discovery, and to submit dispositive motions. (Doc. 93-1). The Court referenced the expert disclosures and granted the request to stay expert discovery. (Doc. 99). The Court ordered the parties to *file* a proposed scheduling order no later than February 19, 2018. (Doc. 99). The parties did not file this proposed scheduling order.[1]

The parties continued with discovery including the deposition of fact witnesses. Then in March 2018, Plaintiff filed a Motion to Disqualify Counsel, (Doc. 111), and a motion to stay "the depositions of Sanjay Koshiya ('S. Koshiya') and Hasmukh ('Harry') Patel ('H. Patel')" pending a ruling on Plaintiff's motion to disqualify, (Doc. 112). The two-page motion to stay specifically referenced S. Koshiya's and H. Patel's depositions three times. It did not request that any other depositions be stayed. The proposed order attached to the motion to stay likewise specifically requested to stay S. Koshiya's and H. Patel's depositions. The Court granted the motion to stay these depositions while Plaintiff's motion to disqualify Best Western's counsel was pending. (Doc. 116).

Thus, as of March 2018, the Court had stayed the depositions of S. Koshiya and H.

---

[1] Instead, the parties emailed the proposed scheduling order to chambers, where computer software apparently flagged it as spam, thereby blocking its delivery.

Patel and had stayed expert discovery, but fact discovery should have been ongoing. Yet, because the Court never received a proposed scheduling order, a new scheduling order was never entered.

Finally, on July 27, 2018, the Court granted in part Plaintiff's motion for leave to amend the complaint and denied the motion to disqualify counsel. (Docs. 154; 155). Thus, based upon the Court's prior rulings, these orders removed the stay regarding S. Koshiya's and H. Patel's depositions, and also removed the stay regarding expert disclosures.[2] Because the deadline for all fact discovery had expired on April 2, 2018, only the depositions which had been stayed (and discovery on the new claims) was permissible.[3]

The parties have now submitted a discovery dispute regarding whether fact discovery is open such that Plaintiff can depose Campbell. (Doc. 189). Best Western argues fact discovery closed on April 2, 2018, that Plaintiff's motion to stay expert discovery applied only to expert discovery, and that Plaintiff's motion to stay S. Koshiya's and H. Patel's depositions did not address, nor apply to, Campbell. (*Id.*). Further, Best Western argues Plaintiff "knew it wanted to depose Campbell long before discovery was closed" and yet failed to schedule his deposition despite that Campbell was available at that time. (*Id.*).

Plaintiff, however, argues its motion to extend the expert discovery deadlines applied to both expert and fact discovery, and that its motion to stay depositions applied to "scheduled depositions." (Doc. 189). Plaintiff also notes that it sought deposition dates for Campbell on October 16, 2017. (*Id.*). Plaintiff does not explain why it never

---

[2] Based on the deadlines in the unopposed motion to stay expert discovery, the deadline to disclose the identity and opinions of affirmative expert witnesses was August 13, 2018 (two weeks after the Court's order on Plaintiff's motion for leave to amend), and the deadline to disclose the identify and opinions of rebuttal expert witness was September 10, 2018 (six weeks after the Court's order on Plaintiff's motion for leave to amend).

[3] Since both parties subsequently moved for reconsideration of the Court's order granting in part and denying in part Plaintiff's motion for leave to amend, the Court stayed discovery on those newly-added claims, pending further order from this Court. (Doc. 171). Thus, no discovery on these claims should be occurring at present.

actually took Campbell's deposition.

Plaintiff unbelievably distorts the motions to stay submitted to the Court. Plaintiff's motion to stay depositions only referenced S. Koshiya and H. Patel's depositions—it did not address Campbell's deposition nor any other "scheduled deposition." Further, Plaintiff's motion to stay expert discovery exclusively and repeatedly referenced expert discovery deadlines. It did not reference, nor request a stay of, fact discovery. Thus, fact discovery concluded on April 2, 2018. Why Plaintiff did not depose Campbell prior to that deadline is unclear, but Plaintiff will not be permitted to depose Campbell now.[4]

Accordingly,

**IT IS ORDERED** Plaintiff may not depose Campbell.

Dated this 24th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[4] In their summary judgment briefing, the parties separately dispute whether Plaintiff should be permitted to depose Campbell pursuant to Rule 56(d). That issue will be resolved in conjunction with the summary judgment motion.

- 4 -